# EXHIBIT A

1  Jonathan P. LaCour, Esq. (SBN: 285098)
   Lisa Noveck, Esq. (SBN: 316660)
2  Jameson Evans, Esq. (SBN: 340954)
   Amanda M. Thompson, Esq. (SBN: 347005)
3  **EMPLOYEES FIRST LABOR LAW P.C.**
   1 S. Fair Oaks Ave., Suite 200
4  Pasadena, California 91105
5  Telephone:    (310) 853-3461
   Facsimile:    (949) 743-5442
6  Email:    jonathanl@pierrelacour.com
              lisan@pierrelacour.com
7              jamesone@pierrelacour.com
              amandat@pierrelacour.com
8

9  Attorneys for Plaintiff, JOHAN DANIEL

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/26/2024 4:21 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk

*(side margin: EMPLOYEES FIRST LABOR LAW, 1 S. FAIR OAKS AVE., SUITE 200, PASADENA, CALIFORNIA 91105)*

10

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

11

## COUNTY OF LOS ANGELES, STANLEY MOSK COURTHOUSE

12

13  JOHAN DANIEL, an individual and on behalf of Aggrieved Employees,

14

15                          Plaintiff,

16      v.

17  AUTOZONERS, LLC, dba AutoZone, a Nevada Limited Liability Company,
18  AUTOZONE LLC, a California Limited Liability Company, JESUS GONZALEZ, an
19  individual, and DOES 1 through 20, inclusive,

20

21                          Defendants.

Case No.  24STCV07723

**CLASS ACTION COMPLAINT FOR:**

1. **FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF LABOR CODE §§ 1194, 1194.2, 1197, WAGE ORDER NO. 5 OF THE IWC;**
2. **FAILURE TO FURNISH WAGE AND HOUR STATEMENTS (LABOR CODE §§ 226 AND 226.3);**
3. **FAILURE TO MAINTAIN PAYROLL RECORDS (LABOR CODE §§ 1174 AND 1174.5);**
4. **FAILURE TO PROVIDE MEAL AND REST PERIOD COMPENSATION (LABOR CODE § 226.7);**
5. **FAILURE TO PAY WAGES IN A TIMELY MANNER (LABOR CODE § 204);**
6. **FAILURE TO PAY OVERTIME COMPENSATION (LABOR CODE §§ 512, 1194);**
7. **WAITING TIME PENALTIES (LABOR CODE §§ 201, 202, AND 203); AND**
8. **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.;**

**DEMAND OVER $25,000**

-1-

**COMPLAINT - CLASS ACTION**
*[Daniel v. Autozoners, LLC, et al.]*

1    **[DEMAND FOR JURY TRIAL]**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EMPLOYEES FIRST LABOR LAW**
1 S. Fair Oaks Ave., Suite 200
Pasadena, California 91105

**COMPLAINT - CLASS ACTION**
*[Daniel v. Autozoners, LLC, et al.]*

1

## TABLE OF CONTENTS

2  **COMPLAINT**....................................................................................1

3  **JURISDICTION AND VENUE** .....................................................1

4  **THE PARTIES**...............................................................................2

5  Plaintiffs ..........................................................................................2

6  Defendants .......................................................................................3

7  **ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER** ..........................5

8  **FACTUAL ALLEGATIONS** ........................................................6

9  Class Claims .....................................................................................6

10 **CLASS ALLEGATIONS**................................................................9

11 Definition of the CLASS ..................................................................9

12 Class Action Requisites ....................................................................10

13

14 **CAUSES OF ACTION**...................................................................12

15 FIRST CAUSE OF ACTION (Failure to Pay Minimum Wage)..................12

16 SECOND CAUSE OF ACTION (Wage & Hour Statements)................13

17 THIRD CAUSE OF ACTION (Failure to Maintain Payroll Records)........13

18 FOURTH CAUSE OF ACTION (Meal Periods & Rest Breaks)..............14

19 FIFTH CAUSE OF ACTION (Failure to Pay Wages Timely)................15

20 SIXTH CAUSE OF ACTION (Failure to Pay Overtime)......................15

21 SEVENTH CAUSE OF ACTION (Waiting Time Penalties) ................16

22 EIGHTH CAUSE OF ACTION (Violation of BPC §17200).................16

23 **PRAYER FOR RELIEF**................................................................19

24 **DEMAND FOR JURY TRIAL**....................................................20

25

26

27

28

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

-1-

**COMPLAINT - CLASS ACTION**
*[Daniel v. Autozoners, LLC, et al.]*

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

## COMPLAINT

1.      Plaintiff JOHAN DANIEL, both as an individual and on behalf of all other persons similarly situated (collectively "Plaintiffs") file this Class Action Complaint against AUTOZONERS, LLC, a Nevada limited liability company, AUTOZONE LLC, a California limited liability company, JESUS GONZALEZ, an individual, and DOES 1 through 20, inclusive, (collectively "Defendants") and in support thereof alleges as follows:

## SUMMARY OF COMPLAINT

2.      Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, AUTOZONERS, LLC owned and operated a limited liability company and availed itself of the rights and privileges of the State of California.

3.      Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, AUTOZONE LLC owned and operated a limited liability company and availed itself of the rights and privileges of the State of California

4.      Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, JESUS GONZALEZ was Plaintiffs' employer, manager, corporate agent, and/or supervisor.

5.      Plaintiffs allege a representative wage and hour complaint against Defendants.

6.      In actuality, Plaintiffs were forced to work without compensation through meal and rest periods. Plaintiffs were also left without compensation for work done while off the clock. In essence, Defendants used an inaccurate time sheet to circumvent California's Labor Code and secure more labor for less cost, at the expense of their employees such as Plaintiff.

## JURISDICTION AND VENUE

7.      Jurisdiction. This Court has jurisdiction of this action pursuant to Code of Civil Procedure section 410.10. This action is brought pursuant to Code of Civil Procedure section 382, Civ. Code section 1781, et seq., and Business and Professions Code § 17200 et seq. Further, the acts and omissions complained of occurred at the workplaces owned and operated by Defendants. This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain an office and. transact business within Los Angeles County, and because the work that is the subject of this action

-1-

was performed by Plaintiffs in Los Angeles County. Plaintiffs are citizens of California. Defendants, from whom significant relief is sought and whose conduct forms the basis for this suit, operate their business throughout this state and from within the County of Los Angeles. Plaintiffs, through this Complaint, seek to redress injuries and violations of California law.

8.    <u>Venue</u>. Venue is proper in the Superior Court of Los Angeles County pursuant to <u>Code of Civil Procedure</u> sections 395(a) and 395.5 because the acts complained of herein occurred in the County of Los Angeles and a large percentage, if not the majority, of Defendants' operations in this state are within the County of Los Angeles. Defendants own, maintain an office, transact business, have an agent or agents within the County of Los Angeles, or are otherwise found within the County of Los Angeles. Defendants are within the jurisdiction of this Court for purposes of service of process.

## PLAINTIFFS

9.    Plaintiff, JOHAN DANIEL, (hereinafter referred to as "Mr. Daniel" or "Plaintiff") is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

10.    Collectively, Mr. Daniel and all persons similarly situated to Mr. Daniel are referred to herein as "Plaintiffs." Mr. Daniel brings this action individually and on behalf of himself and as a representative of all similarly situated persons pursuant to <u>Cal. Civ. Code</u> section 382. With respect to Plaintiffs, each plaintiff:

  a.  was a resident of the State of California;

  b.  was employed by Defendants as a member of Defendants' CLASS PLAINTIFFS (*infra* at ¶ 11) at Defendants' location within the four years preceding June 2022;

  c.  was not compensated the minimum wage for all hours worked and was forced to work hours off the clock;

  d.  was not provided with accurate itemized wage and hour statements pursuant to applicable <u>Labor Code</u> requirements;

  e.  was not provided compliant meal breaks pursuant to applicable <u>Labor Code</u> requirements;

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

-2-

**COMPLAINT - CLASS ACTION**
[*Daniel v. Autozoners, LLC, et al.*]

f.  was not provided compliant rest breaks pursuant to applicable <u>Labor Code</u> requirements;

g.  was not compensated all wages earned and owed in a timely manner as required by the <u>Labor Code</u>; and

h.  worked more than eight (8) hours in any given day and/or more than forty (40) hours in any given week, but was not paid overtime compensation pursuant to applicable <u>Labor Code</u> requirements.

## **DEFENDANTS**

10.    Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant AUTOZONERS, LLC, doing business as AUTOZONE (hereinafter referred to as "Autozone") was and is a California limited liability company doing business at 13480 West Hubbard Street, Sylmar, CA, 91342 in the County of Los Angeles, State of California.

11.    Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant AUTOZONE LLC (hereinafter referred to as "Autozone LLC") was and is a California limited liability company doing business at 13480 West Hubbard Street, Sylmar, CA, 91342 in the County of Los Angeles, State of California.

12.    Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant JESUS GONZALEZ (hereinafter referred to as "Mr. Gonzalez") was an is an individual residing in the County of Los Angeles, State of California, with his principal place of business located therein.

13.    Plaintiffs are informed and believe, and based thereupon alleges, that at all times relevant hereto, Defendant Mr. Gonzalez was Plaintiffs' employer, manager, corporate agent, and/or supervisor. Specifically, Plaintiffs are informed and believe, and based thereon allege, that Mr. Gonzalez dictated Plaintiffs' compensation and had plenary ability to supervise, manage, hire, and fire, and did participate in the hiring and firing of Plaintiffs. Defendant Mr. Gonzalez exercised control and management of the work performed by Plaintiffs as to establish or change corporate policies for which Plaintiffs were required to perform. Mr. Gonzalez had the ability to ensure Plaintiff was properly compensated and allotted meal breaks, rest periods, and other provisions

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

-3-

1  issued to employees. Furthermore, Plaintiffs were of the belief that Mr. Gonzalez was also their

2  employer.

3      14.    On information and belief, Mr. Gonzalez was the primary, if not the sole, decision

4  maker and author of Defendants' corporate policies as to: (1) setting employees' working hours

5  and rates of pay; (2) whether, and how much, to pay employees for overtime hours worked; (3)

6  whether to allow employees the opportunity to take meal periods and rest breaks; (4) determining

7  whether to issue itemized wages statements to employees; (5) determining whether an employee

8  was exempt or non-exempt for purposes of applicable compliance with the Labor Code and order

9  of the Industrial Welfare Commission; and (6) ensure compliance with all applicable Labor

10  Code sections and orders of the Industrial Welfare Commission.

11      15.    Plaintiffs are informed and believe, and based thereupon allege, that at all times

12  relevant hereto, Defendants owned and operated an automotive retail business and availed

   themselves of the rights and privileges of the State of California.

13      16.    Defendants were Plaintiffs' employer within the meaning of Government Code

14  §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and

15  regularly employs five (5) or more persons and is therefore subject to the jurisdiction of this Court.

16      17.    The true names and capacities, whether individual, corporate, associate, or

17  otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiffs at

18  this time and therefore said Defendants are sued by such fictitious names.  Plaintiffs will seek leave

19  to amend this complaint to insert the true names and capacities of said Defendants when the same

20  become known to Plaintiffs.  Plaintiffs are informed and believe, and based thereupon allege, that

21  each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and

22  are therefore liable to Plaintiffs as alleged hereinafter.

23      18.    Plaintiffs are informed and believe, and based thereupon allege, that at all times

24  relevant hereto, Defendants, and each of them, were the agents, employees, managing agents,

25  supervisors, co-conspirators, parent corporation, joint employers, alter egos, successors, and/or

26  joint ventures of the other Defendants, and each of them, and in doing the things alleged herein,

27  were acting at least in part within the course and scope of said agency, employment, conspiracy,

28

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

-4-

1  joint employer, alter ego status, successor status and/or joint venture and with the permission and

2  consent of each of the other Defendants.

3       19.    Plaintiffs are informed and believe, and based thereupon allege, that Defendants,

4  and each of them, including those defendants named as DOES 1-20, acted in concert with one

5  another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or

6  coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including

7  pursuant to <u>Government Code</u> §12940(i).  Plaintiffs are further informed and believe, and based

8  thereupon allege, that Defendants, and each of them, including those defendants named as DOES

9  1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they

10  would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of

11  and pursuant to said conspiracy, intended to cause and actually causing Plaintiffs' harm.

12       20.    Whenever and wherever reference is made in this complaint to any act or failure to

13  act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean

    the acts and/or failures to act by each Defendant acting individually, jointly and severally.

14  **ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER**

15       21.    Plaintiffs are informed and believe, and based thereon allege, that there exists such a

16  unity of interest and ownership between Defendants and DOES 1-20 that the individuality and

17  separateness of Defendant has ceased to exist.

18       22.    Plaintiffs are informed and believe, and based thereon allege, that despite the

19  formation of purported corporate existence, Defendants and DOES 1-20 are, in reality, one and the

20  same as Defendants, including, but not limited to because:

21        a.  Defendants are completely dominated and controlled by DOES 1-20, who personally

22           committed the frauds and violated the laws as set forth in this Complaint, and who

23           have hidden and currently hide behind Defendants to perpetrate frauds, circumvent

24           statutes, or accomplish some other wrongful or inequitable purpose.

25        b.  DOES 1-20 derive actual and significant monetary benefits by and through

26           Defendant's unlawful conduct, and by using Defendants as the funding source for

27           their own personal expenditures.

28

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

**COMPLAINT - CLASS ACTION**
[*Daniel v. Autozoners, LLC, et al.*]

c.  Plaintiffs are informed and believe that Defendants and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.  Plaintiffs are informed and believe that Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.  Plaintiffs are informed and believe, and based thereon allege, that the business affairs of Defendants and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants are, and at all times relevant hereto was, used by DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and is, and was, the alter ego of DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiffs for violations of the *Labor* Code and other statutory violations. The corporate existence of Defendants and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiffs herein.

23.    Accordingly, Defendants constitute the alter ego of DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

24.    In addition, Plaintiffs are informed and believe, and based thereon allege that Defendant and DOES 1-20 are Plaintiffs' joint employers by virtue of a joint enterprise, and that Plaintiffs were employees of each of them. Plaintiffs performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiffs as employees, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

25.    In addition, Plaintiffs are informed and believe and, based thereupon allege, that as and between DOES 1-20 and Defendants: (1) there is an express or implied agreement of assumption pursuant to which DOES 1-20 agreed to be liable for the debts of Defendants, (2) the transaction between DOES 1-20 and Defendants amounts to a consolidation or merger of the two corporations,

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

-6-

(3) DOES 1-20 is a mere continuation of Defendants, or (4) the transfer of assets to DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, DOES 1-20 are the successors of Defendants, and are liable on that basis.

## **FACTUAL ALLEGATIONS**

### A. **Class Claims**

26.     Defendants own and operate an automotive retail business throughout the United States of America, including a location in Sylmar, within Los Angeles County. Plaintiffs were employed by Defendants as non-exempt and misclassified exempt employees. Defendants employed Mr. Daniel from on or about January 18, 2023 until on or about November 12, 2023 as a sales associate.

27.     Within the time period of four years preceding the date of this complaint ("Relevant Time Period"), Plaintiffs were not provided compliant meal and rest breaks as statutorily mandated, were forced to work through statutorily mandated meal and rest breaks without pay, were not paid legally mandated minimum, overtime and waiting time wages, did not receive accurate itemized wage statements, and were not paid all wages earned and owed in a timely manner.

28.     During the Relevant Time Period, Plaintiffs are and/or have been non-exempt employees within the meaning of the *Labor Code*, and the implementing regulations of the IWC Wage Orders.

29.     Defendants are or were the employer of all Plaintiffs during the Relevant Time Period. Defendants "employ(ed)" all Plaintiffs pursuant to the definition of "employ" within IWC Wage Order 5.

30.     During the Relevant Time Period, Defendants exercised control over the wages, hours, and working conditions of Plaintiffs; suffered or permitted Plaintiffs to work and created a common law employment relationship with Plaintiffs.

31.     Plaintiffs performed non-exempt duties for Defendants.

32.     During the Relevant Time Period, Defendants failed and refused to pay Plaintiffs the total amount of wages that Plaintiffs, through their employment and labor, earned working for Defendants. Defendants' timekeeping policies and/or practices resulted in Plaintiffs not being compensated for all hours actually worked. During Plaintiffs' employment with Defendants,

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

1    Defendants' policies/practices were to only compensate Plaintiffs for eight (8) hours each workday,

2    despite Plaintiffs regularly working shifts greater than eight (8) hours in length. In addition, Plaintiffs

3    were routinely forced to work off the clock without any compensation due to Defendants'

4    requirement that Plaintiffs perform work either prior to clocking in or to perform work after clocking

5    out for the day.

6         33.    For the entirety of Plaintiffs' employment with Defendants, Defendants consistently

7    failed to provide Plaintiffs with timely, accurate, and itemized wage and hour statements, in writing,

8    showing gross wages earned, total hours worked, all deductions made, net wages earned, the name

9    and address of the legal entity employing them, all applicable hourly rates in effect during each pay

10   period, and the corresponding number of hours worked by them at each hourly rate in and among

11   other information, as required by California wage-and-hour laws.

12        34.    For the entirety of Plaintiffs' employment, Defendants' meal period policies/practices

13   failed to provide Plaintiffs with all legally compliant meal periods because Defendants failed to

14   provide Plaintiffs with timely, duty-free, and uninterrupted 30-minute meal periods commencing before the end of the fifth hour of work.

15        35.    For the entirety of Plaintiffs' employment, Plaintiffs were not authorized and

16   permitted to take all required and legally-compliant rest periods due to Defendants' rest period

17   policies/practices, which failed to authorize and permit a net 10-minute off-duty rest period for every

18   four hours worked. On those occasions when Plaintiffs were not authorized and permitted to take all

19   legally-required and compliant rest periods to which they were entitled, Defendants further failed to

20   compensate Plaintiffs with the required rest period premium for each workday in which they were

21   experienced a rest period violation as mandated by Labor Code § 226.7.

22        36.    Further, Defendants have failed to pay all earned wages owed to Plaintiffs for the

23   noncompliant and/or missed meal and rest periods under *Labor Code* section 226.7(b) and Wage

24   Order 5. Plaintiffs were and are entitled to an hour of pay at their regular rate for each day with a

25   meal period violation and an additional hour of pay for each day with a rest period violation. Plaintiffs

26   have not received that payment.

27        37.    For the entirety of Plaintiffs' employment with Defendants, Defendants consistently

28   failed to maintain accurate payroll records for Plaintiffs.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

-8-

**COMPLAINT - CLASS ACTION**
[*Daniel v. Autozoners, LLC, et al.*]

38.    For the entirety of Plaintiffs' employment with Defendants, Defendants routinely required Plaintiffs to work more than eight hours per day and 40 hours per week. Plaintiffs did not receive accurate compensation for straight, regular time pay, and overtime pay.

39.    Defendants failed to pay all wages due and owed to Plaintiffs at the time of their termination or within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws in violation of *Labor Code* sections 201-203. Plaintiffs who are no longer employed by Defendants are entitled to penalties pursuant to *Labor Code* section 203, in the amount of each person's daily wage multiplied by the number of days since the termination, up to thirty days.

40.    As set forth above, and throughout this Complaint, Defendants engaged in various acts of unfair competition and unlawful and unfair business practices as defined in the *Unfair Competition Law* embodied in *Business and Professions Code* section 17200, *et seq.*

41.    Pursuant to the *Labor Code*, California law and applicable Wage Orders, Plaintiffs are entitled to all unpaid wages, damages, penalties, interest and attorney's fees and costs for the illegal and wrongful acts and omissions of Defendants, all as alleged throughout this Complaint.

## CLASS ALLEGATIONS

### A. Definition of the CLASS PLAINTIFFS

42.    The CLASS consists of: all persons who were employed by Defendants, within the Relevant Time Period as a member of Defendants' CLASS PLAINTIFFS or with any similar title who were non-exempt or misclassified employees and are owed unpaid minimum wages, unpaid overtime wages, penalties for noncompliant and/or missed meal and rest breaks, were provided inaccurate wage statements, and were not timely paid during and/or following their employment with Defendants.

### B. CLASS Definitions

43.    Mr. Daniel brings this action on behalf of CLASS PLAINTIFFS pursuant to § 382 of the Code of Civil Procedure and *Lab. Code* section 2698 (hereinafter, collectively referred to as "CLASS"):

a.    The <u>Overtime Class</u> consists of all of Defendants' current and former non-exempt employees in California who worked over 8.0 hours in a workday and/or

-9-

over 40 hours in a workweek and were subject to Defendants' timekeeping policies/practices, during the Relevant Time Period.

b.  The <u>Minimum Wage Class</u> consists of all of Defendants' current and former non-exempt employees in California who were subject to Defendants' timekeeping policies/practices, and/or employees forced to work off-the-clock without compensation, during the Relevant Time Period.

c.  The <u>Meal Period Class</u> consists of all of Defendants' current and former non-exempt employees in California who worked at least one shift in excess of 5.0 hours, during the Relevant Time Period.

d.  The <u>Rest Period Class</u> consists of all Defendants' current and former non-exempt employees in California who worked at least one shift in excess of 3.5 hours, during the Relevant Time Period.

e.  The <u>Wage Statement Class</u> consists of all members of the Overtime Class, Double Overtime Class, Minimum Wage Class, Meal Period Class, and/or Rest Period Class who were employed by Defendants during the Relevant Time Period.

f.  The <u>Waiting Time Class</u> consists of all members of the Overtime Class, Double Overtime Class, Minimum Wage Class, Meal Period Class, and/or Rest Period Class, who were employed with Defendants during the Relevant Time Period.

## C. Class Action Requisites

44.    **Numerosity/<u>Ascertainability</u>**.  Plaintiffs bring this action pursuant to *Code of Civil Procedure* section 382 for violations of California's wage and hour laws, on behalf of themselves and all other similarly situated CLASS PLAINTIFFS, who worked for Defendants in the four years preceding this Complaint at Defendants' locations. Plaintiffs are any current or former CLASS PLAINTIFFS, or current or former employees with any similar title, who were non-exempt or misclassified employees and are owed wages and/or penalties for noncompliant and/or missed meal and rest breaks, unpaid overtime compensation, and/or were provided inaccurate wage statements.

45.    **Predominance of Common Questions.**  Predominant common questions of law and fact exist as to Class Members that include, without limitation, the following:

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

**COMPLAINT - CLASS ACTION**
[*Daniel v. Autozoners, LLC, et al.*]

a.      Whether Defendants implemented and engaged in a systematic practice of failing to compensate CLASS PLAINTIFFS for all hours worked, including a practice of forcing Plaintiffs to work off the clock;

b.      Whether Defendants implemented and engaged in a systematic practice whereby they unlawfully failed to provide CLASS PLAINTIFFS with compliant meal periods;

c.      Whether Defendants implemented and engaged in a systematic practice whereby they unlawfully failed to provide CLASS PLAINTIFFS with compliant rest periods;

d.      Whether Defendants implemented and engaged in a systematic practice whereby they unlawfully failed to provide CLASS PLAINTIFFS with overtime compensation for all hours worked over 8 hours in one day or over 40 hours in one week;

e.      Whether Defendants have willfully failed to pay CLASS PLAINTIFFS at the time of termination of employment all earned wages owed;

f.      Whether the systematic acts and practices of Defendants as alleged herein violated applicable provisions of the Labor Code, as well as the applicable Wage Orders;

g.      Whether Defendants engaged in unfair business practices in violation of the Business and Professions Code, including Business and Professions Code sections 17200, et seq.

46.      Common questions of law and fact predominate over questions that affect only individual members of the CLASS PLAINTIFFS. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, including but not limited to Defendants' failure to implement lawful meal and rest period policies, failure to provide accurate wage statements and/or failure to pay all final wages. As such, the common questions predominate over individual questions concerning each individual class member's showing as to their eligibility for recovery or as to the amount of their damages.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

-11-

47.    All Plaintiffs shared common job duties and responsibilities. Thus, all of the plaintiffs' experiences and claims are typical of the experiences and claims of Defendants' other employees who worked at any of Defendants' locations.

48.    The potential members of the CLASS are sufficiently numerous that joinder of all members would be unfeasible and impracticable. The disposition of the claims through this class action will benefit both the parties and the Court. The exact number of members is unknown to Plaintiffs at this time. The number and identity of the proposed CLASS PLAINTIFFS are readily ascertainable through inspection of Defendants' records.

49.    **Adequacy of Representation.**  The claims of Mr. Daniel are typical of the claims of the CLASS PLAINTIFFS because Mr. Daniel was employed by Defendants as a non-exempt employee in California during the Relevant Time Period. Mr. Daniel will fairly and adequately represent and protect the interests of the members of the CLASS. Plaintiffs have retained and are represented by counsel competent and experienced in complex multi-party litigation, including wage and hour class actions.

50.    **Manageability.**  Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action, and the class action method will confer substantial benefits to Plaintiffs, members of the CLASS and this Court.

51.    **Superiority.**  The questions of law and fact common to Plaintiffs predominate over questions affecting the individual class members such that the nature of this action and the nature of laws available to Plaintiffs make use of the class action format the superior and appropriate procedure to afford relief for the wrongs alleged.

**FIRST CAUSE OF ACTION**
**FOR FAILURE TO PAY MINIMUM WAGES IN**
**VIOLATION OF *LABOR CODE* §§ 1194, 1194.2, 1197,**
**WAGE ORDER NO. 10 OF THE IWC**
**(BY PLAINTIFFS AGAINST ALL DEFENDANTS)**

52.    CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with this cause of action.

53.    Pursuant to *Labor Code* §§ 1194, 1194.2, and 1197, it is unlawful for an employer to

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

1  suffer or permit a California employee to work without paying wages at the proper minimum wage

2  for all time worked as required by the applicable IWC Wage Order No. 10, codified at California

3  Code of Regulations, title 8, section 11160, subdivision 4.

4       54.    Pursuant to IWC Wage Order No. 10 at all times material hereto, "hours worked"

5  included "the time during which an employee is subject to the control of an employer, and includes

6  all the time the employee is suffered or permitted to work, whether or not required to do so."

7       55.    During the liability period, Plaintiffs suffered, were permitted and were required, to

8  perform work "off-the-clock," for which they received no pay, including work before, during and

9  after their shifts and work during unpaid rest periods.

10       56.    During the liability period, under the provisions of IWC Wage Order No. 10, Plaintiffs

11  should have received not less than the minimum wage in a sum according to proof for the time

    worked, but not compensated.

12       57.    For all time that Plaintiffs worked and received no pay, they are entitled to not less

13  than the California minimum wage and, pursuant to *Labor Code* section 1194.2, subdivision (a),

14  liquidated damages in an amount equal to the unpaid minimum wages and interest thereon. Pursuant

15  to *Labor Code* section 1194, Plaintiffs are also entitled to their attorneys' fees, costs and interest

16  according to proof.

17                          **SECOND CAUSE OF ACTION**
**FOR FAILURE TO FURNISH WAGE AND HOUR STATEMENTS**

18  **(*LABOR CODE* §§ 226 AND 226.3)**
**(BY PLAINTIFFS AGAINST ALL DEFENDANTS)**

19

20       58.    CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding

21  paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with

22  this cause of action.

23       59.    Defendants failed to provide Plaintiffs with timely and accurate wage and hour

24  statements showing gross wages earned, total hours worked, all deductions made, net wages earned,

25  the name and address of the legal entity employing them, all applicable hourly rates in effect during

26  each pay period, and the corresponding number of hours worked at each hourly rate.

27       60.    Defendants are liable for statutory penalties and civil penalties pursuant to *Labor*

28

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

-13-

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

1  *Code* §§ 226, 226.3, and 558 and the other applicable laws and regulations.

2  **THIRD CAUSE OF ACTION**
**FOR FAILURE TO MAINTAIN ACCURATE PAYROLL RECORDS**
3  **(LABOR CODE §§ 226, 1174 AND 1174.5)**
**(BY PLAINTIFFS AGAINST ALL DEFENDANTS)**
4

5  61.    CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding

6  paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with

7  this cause of action.

8  62.    Defendants failed to provide Plaintiffs with timely and accurate wage and hour

9  statements showing gross wages earned, total hours worked, all deductions made, net wages earned,

10  the name and address of the legal entity employing them, all applicable hourly rates in effect during

11  each pay period, and the corresponding number of hours worked at each hourly rate.

12  63.    Defendants are liable for statutory penalties and civil penalties pursuant to *Labor*

13  *Code* §§ 226, 226.3, and 558 and the other applicable laws and regulations.

14  **FOURTH CAUSE OF ACTION**
**FOR FAILURE TO PAY MEAL AND REST PERIOD COMPENSATION**
15  **(*LABOR CODE* § 226.7)**
**(BY PLAINTIFFS AGAINST ALL DEFENDANTS)**
16

17  64.    CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding

18  paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with

this cause of action.

19  65.    Plaintiffs regularly worked shifts greater than five (5) hours. Pursuant to *Labor Code*

20  § 512, an employer may not employ someone for a shift of more than five (5) hours without providing

21  him or her with a meal period of not less than thirty (30) minutes.

22  66.    Plaintiffs also regularly worked shifts greater than ten (10) hours. Pursuant to *Labor*

23  *Code* § 512, an employer may not employ someone for a shift of more than ten (10) hours without

24  providing him or her with a second meal period of not less than thirty (30) minutes.

25  67.    Defendants failed to provide Plaintiffs with meal periods as required under the *Labor*

26  *Code*. As discussed above, Plaintiffs were required to work through their alleged meal periods,

27  without pay, all in violation of *Labor Code* and applicable Wage Orders. Moreover, Defendants failed

28

-14-

1  to compensate Plaintiffs for each meal period not provided or inadequately provided, as required

2  under *Labor Code* § 226.7.

3      68.    Therefore, pursuant to *Labor Code* § 226.7, Plaintiffs are entitled to damages in an

4  amount equal to one (1) hour of wages at their effective hourly rates of pay, but not less than the

5  applicable minimum wage, for each meal period not provided or deficiently provided, a sum to be

6  proven at trial.

7      69.    Plaintiffs consistently worked consecutive four (4) hour shifts. Pursuant to the *Labor*

8  *Code* and the applicable IWC Wage Order, Plaintiffs were entitled to paid rest breaks of not less than

9  ten (10) minutes for each consecutive four (4) hour shift.

10     70.    Defendants failed to provide Plaintiffs with timely rest breaks of not less than ten (10)

11 minutes for each consecutive four (4) hour shift.

12     71.    Moreover, Defendants did not compensate Plaintiffs with an additional hour of pay at

13 their effective hourly rate, but not less than the applicable minimum wage, for each day that

14 Defendants failed to provide adequate rest breaks as required under *Labor Code* § 226.7.

15     72.    Therefore, pursuant to *Labor Code* § 226.7, Plaintiffs are entitled to damages in an

16 amount equal to one (1) hour of wages at their effective hourly rates of pay, but not less than the

17 applicable minimum wage, for each day worked without the required rest breaks, a sum to be proven

18 at trial.

19     73.    Per *Betancourt v. OS Restaurant Services*, Plaintiffs plead for reasonable attorneys'

20 fees and costs recoverable under *Labor Code* §§ 218.5 and 226.

21                    **FIFTH CAUSE OF ACTION**
22      **FOR FAILURE TO PAY WAGES IN A TIMELY MANNER**
          **(*LABOR CODE* §§ 204 ET SEQ. AND 206 ET SEQ.)**
23         **(BY PLAINTIFFS AGAINST ALL DEFENDANTS)**

24     74.    CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding

25 paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with

26 this cause of action.

27     75.    During Plaintiffs' putative employment, Defendants routinely failed, without

28 justification, and refused to provide Plaintiffs with timely wages or pay as required *Labor Code* §

-15-

**COMPLAINT - CLASS ACTION**
*[Daniel v. Autozoners, LLC, et al.]*

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

1 | 204, *et seq.* and other applicable laws and regulations.

2 |      76.    As a direct and proximate result of Defendants' failure and refusal to pay Plaintiffs

3 | timely, Plaintiffs are entitled to recover such amounts, plus interest thereon, attorney's fees and costs,

4 | including treble damages pursuant to *Labor Code* § 206, *et seq.*

5 |      77.    Based on Defendants' conduct as alleged herein, Defendants are liable for up to 30

6 | days of pay for a waiting time penalty, statutory penalties, and civil penalties pursuant to the *Labor*

7 | *Code* and other applicable laws and regulations.

8 | **SIXTH CAUSE OF ACTION**<br>**FOR FAILURE TO PAY OVERTIME COMPENSATION**

9 | **(*LABOR CODE* §§ 510 AND 1194)**<br>**(BY PLAINTIFFS AGAINST ALL DEFENDANTS)**

10 |

11 |      78.    CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding

12 | paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with

13 | this cause of action.

14 |      79.    Defendants routinely required Plaintiffs to work more than eight hours per day.

15 | Defendants also routinely required Plaintiffs to work more than forty hours per week. Defendants

16 | failed and refused to pay Plaintiffs the overtime compensation required by the *Labor Code* and other

17 | applicable laws and regulations.

18 |      80.    Plaintiffs have been deprived of their rightfully earned and legally required overtime

19 | compensation as a direct and proximate result of Defendants' failure and refusal to pay said

20 | compensation. Plaintiffs are entitled to recover such amounts, plus interest thereon, attorney's fees

21 | and costs.

22 |      81.    Based on Defendants' conduct as alleged herein, Defendants are liable for civil

23 | penalties pursuant to *Labor Code* § 558 and other applicable provisions of the *Labor Code* and other

24 | applicable laws and regulations.

25 | **SEVENTH CAUSE OF ACTION**<br>**FOR WAITING TIME PENALTIES**

26 | **(*LABOR CODE* §§ 201 THROUGH 203)**<br>**(BY PLAINTIFFS AGAINST ALL DEFENDANTS)**

27 |

28 |      82.    CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding

EMPLOYEES FIRST LABOR LAW<br>1 S. FAIR OAKS AVE., SUITE 200<br>PASADENA, CALIFORNIA 91105

-16-

paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with this cause of action.

83.     Defendants willfully failed to pay Plaintiffs accrued wages and other compensation due to them at the time of their respective pre-scheduled terminations or within seventy-two (72) hours of their respective resignations.

84.     Defendants are liable for statutory and civil waiting time penalties of up to 30 days of pay pursuant to *Labor Code* §§ 201, 202, 203 and other applicable laws and regulations.

### EIGHTH CAUSE OF ACTION
### FOR UNFAIR COMPETITION
### (BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.)
### (BY PLAINTIFFS AGAINST ALL DEFENDANTS)

85.     CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with this cause of action.

86.     Plaintiff, on behalf of himself, the CLASS, and the general public, brings this claim pursuant to *Business & Professions Code* § 17200, *et seq.* The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to the CLASS and the general public. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of valid California law and specifically *Code of Civil Procedure* § 1021.5.

87.     Plaintiff is a "person" within the meaning of *Business & Professions Code* § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

88.     *Business & Professions Code* § 17200, *et seq.* prohibits unlawful and unfair business practices.

89.     Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, and providing them with meal periods, rest breaks, timely pay both during and after the termination of their employment, and accurate and itemized wage statements are fundamental public policies of California. *Labor Code* § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or

-17-

EMPLOYEES FIRST LABOR LAW
1 S. Fair Oaks Ave., Suite 200
PASADENA, CALIFORNIA 91105

permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

90.    Defendants violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants acted contrary to these public policies, violated specific provisions of the *Labor Code*, and have engaged in other unlawful and unfair business practices in violation of *Business & Professions Code* § 17200, *et seq.* Defendants' conduct in this regard has deprived Plaintiffs of the rights, benefits, and privileges guaranteed to all employees under the law.

91.    Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the *Business & Professions Code* § 17200, *et seq.*

92.    Defendants, by engaging in the conduct herein alleged either knew or in the exercise of reasonable care should have known that his conduct was unlawful, and as such this conduct violates *Business & Professions Code* § 17200, *et seq.*

93.    As a proximate result of the above-mentioned acts of Defendants, Plaintiffs have been damaged, in a sum to be proven at trial.

94.    Unless restrained by this Court, Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the *Business & Professions Code*, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the *Business & Professions Code*, including but not limited to the disgorgement of such profits as may be necessary to restore Plaintiffs to the money Defendants have unlawfully failed to pay.

**COMPLAINT - CLASS ACTION**
*[Daniel v. Autozoners, LLC, et al.]*

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

1
2
3          [THE REST OF THIS PAGE IS INTENTIONALLY LEFT BLANK]
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EMPLOYEES FIRST LABOR LAW**
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

**COMPLAINT - CLASS ACTION**
[*Daniel v. Autozoners, LLC, et al.*]

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby prays that the Court enter judgment in his favor and against Defendants, and each of them, in the amount no less than $1,000,000.00, as follows:

1.     For payment of earned wages, meal and rest period compensation, waiting time compensation, and other damages according to proof in an amount to be ascertained at trial, and in excess of the jurisdictional limit of this court; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.     For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts;

3.     For payment of all statutory obligations and penalties as required by law;

4.     For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

5.     For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

6.     For costs of suit, attorneys' fees, and expert witness fees;

7.     For post-judgment interest; and

8.     For any other relief that is just and proper.

DATED:  March 26, 2024               **EMPLOYEES FIRST LABOR LAW**

By: _____
                    Jonathan P. LaCour, Esq.
                    Lisa Noveck, Esq.
                    Jameson Evans, Esq.
                    Amanda M. Thompson, Esq.
                    Attorneys for Plaintiff,
                    JOHAN DANIEL

**EMPLOYEES FIRST LABOR LAW**
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

**COMPLAINT - CLASS ACTION**
*[Daniel v. Autozoners, LLC, et al.]*

**JURY TRIAL DEMANDED**

Plaintiff demands trial of all issues by jury.

DATED:  March 26, 2024                    EMPLOYEES FIRST LABOR LAW

By:  _____
                      Jonathan P. LaCour, Esq.
                      Lisa Noveck, Esq.
                      Jameson Evans, Esq.
                      Amanda M. Thompson, Esq.
                      Attorneys for Plaintiff,
                      JOHAN DANIEL

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
03/28/2024
CT Log Number 546087343

## Service of Process Transmittal Summary

**TO:**    Jenna Bedsole
AutoZone, Inc.
123 S Front St
Memphis, TN 38103-3618

**RE:**    **Process Served in California**

**FOR:**   AutoZoners, LLC  (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOHAN DANIEL, an individual and on behalf of Aggrieved Employees // To: AutoZoners, LLC |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Attachment(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court, CA<br>Case # 24STCV07723 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/28/2024 at 12:18 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after this summons and legal papers are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Jonathan P. LaCour, Esq.<br>EMPLOYEES FIRST LABOR LAW P.C.<br>1 S. Fair Oaks Ave., Suite 200<br>Pasadena, CA 91105<br>310-853-3461 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/29/2024, Expected Purge Date: 04/03/2024 |
| | Image SOP |
| | Email Notification,  Pam Butler  PAM.BUTLER@AUTOZONE.COM |
| | Email Notification,  Bridgett Knox  Bridgett.knox@autozone.com |
| | Email Notification,  Brittney Lee  brittney.lee@autozone.com |
| | Email Notification,  Ciji Arnold-Wells  ciji.arnold-wells@autozone.com |
| | Email Notification,  Regina Swift  regina.swift@autozone.com |
| | Email Notification,  Janice Turner  janice.turner@autozone.com |
| | Email Notification,  Toni Burns  toni.burns@autozone.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
03/28/2024
CT Log Number 546087343

330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
877-564-7529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                  Thu, Mar 28, 2024
**Server Name:**                           Jimmy Lizama

| Entity Served | AUTOZONERS, LLC |
|---|---|
| Case Number | 24STCV07723 |
| Jurisdiction | CA |

### Inserts



CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jonathan P. LaCour (SBN: 285098), 1 S. Fair Oaks Ave., Suite 200 Pasadena, California 91105 | |

TELEPHONE NO.: (310) 853-3461      FAX NO.: (949) 743-5442
EMAIL ADDRESS: jonathanl@pierrelacour.com
ATTORNEY FOR (Name): Johan Daniel

**Electronically FILED by
Superior Court of California,
County of Los Angeles
3/26/2024 4:21 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
 STREET ADDRESS: 111 N Hill St. Los Angeles. CA 90012
 MAILING ADDRESS: 111 N Hill St. Los Angeles. CA 90012
CITY AND ZIP CODE: Los Angeles. 90012
 BRANCH NAME: Stanley Mosk

CASE NAME: DANIEL v. AUTOZONERS, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) | [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter  [ ] Joinder | **24STCV07723** |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): 8
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 26, 2024
Jonathan P. LaCour
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

For your protection and privacy, please press the Clear

| SHORT TITLE | CASE NUMBER |
|---|---|
| DANIEL V. AUTZONERS, LLC. DBA AUTZONE, ET AL. | 24STCV07723 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/26/2024 4:21 PM
David W. Slayton,
Executive Officer/Clerk of Court
By J. Covarrubias, Deputy Clerk

| Applicable Reasons for Choosing Courthouse Location (Column C) | | |
|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. | Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. | Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| | | |
|---|---|---|
| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SHORT TITLE | CASE NUMBER |
|---|---|
| DANIEL V. AUTZONERS, LLC, DBA AUTZONE, ET AL. | |

| | **A**<br>Civil Case Cover<br>Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| DANIEL V. AUTZONERS, LLC, DBA AUTZONE, ET AL. | |

| | | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|---|
| **Contract** (Continued) | | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | | ☐ 2602 Quiet Title | 2, 6 |
| | | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SHORT TITLE | CASE NUMBER |
|---|---|
| DANIEL V. AUTZONERS, LLC, DBA AUTZONE, ET AL. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| DANIEL V. AUTZONERS, LLC, DBA AUTZONE, ET AL. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:  13480 West Hubbard Street | |
|---|---|---|
| CITY:<br>Sylmar | STATE:<br>CA | ZIP CODE:<br>91342 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 03/26/2024 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td>FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AUTOZONERS, LLC, dba AutoZone, a Nevada Limited Liability Company, AUTOZONE LLC, a California Limited Liability Company, JESUS GONZALEZ, an individual, and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOHAN DANIEL, an individual and on behalf of Aggrieved Employees,

**Electronically FILED by Superior Court of California, County of Los Angeles 3/26/2024 4:21 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Covarrubias, Deputy Clerk**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr>
<td>The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles County Superior Court<br><br>Stanley Mosk Superior Courthouse 111 N Hill St. Los Angeles, California 91105</td>
<td>CASE NUMBER:<br>*(Número del Caso):*<br><br>**24STCV07723**</td>
</tr>
</table>

David W. Slayton, Executive Officer/Clerk of Court

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jonathan P. LaCour, Esq., 1 S. Fair Oaks Ave., Suite 200 Pasadena, California 91105, (310) 853-3461

<table>
<tr>
<td>DATE: March 26, 2024<br>*(Fecha)*</td>
<td>Clerk, by<br>*(Secretario)* _____ J. Covarrubias</td>
<td>, Deputy<br>*(Adjunto)*</td>
</tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* AUTOZONERS, LLC, dba AutoZone, a Nevada Limited Liability Company

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Corp. Code: 17701.16, Limited Liability Company

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | Clear this form |

1    Jonathan P. LaCour, Esq. (SBN: 285098)
     Lisa Noveck, Esq. (SBN: 316660)
2    Jameson Evans, Esq. (SBN: 340954)
     Amanda M. Thompson, Esq. (SBN: 347005)
3    **EMPLOYEES FIRST LABOR LAW P.C.**
4    1 S Fair Oaks Ave. Suite 200
     Pasadena, California 91105
5    Telephone:    (310) 853-3461
     Facsimile:    (949) 743-5442
6    Email:        jonathanl@pierrelacour.com
7                  lisan@pierrelacour.com
                   jamesone@pierrelacour.com
8                  amandat@pierrelacour.com

9    Attorneys for Plaintiff, JOHAN DANIEL

10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12          **COUNTY OF LOS ANGELES, SPRING STREET COURTHOUSE**

13   JOHAN DANIEL, an individual and on        CASE NO.: 24STCV07723
14   behalf of Aggrieved Employees,
                                                *Assigned for all purposes to Honorable Stuart M.*
15                          Plaintiff,          *Rice,* Dept. 1

16        v.

17   AUTOZONERS, LLC, dba AutoZone, a           **NOTICE OF INITIAL STATUS**
     Nevada Limited Liability Company,          **CONFERENCE (ISC)**
18   AUTOZONE LLC, a California Limited
     Liability Company, JESUS GONZALEZ, an
19   individual, and DOES 1 through 20,         Complaint Filed: March 26, 2024
     inclusive,                                 Hearing Date: July 29, 2024
20                          Defendants.         Hearing Time: 9:00 AM

21

22

23   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

24        **PLEASE TAKE NOTICE THAT** on April 8, 2024, at approximately 2:01 P.M., the

25   Honorable Stuart M. Rice in Department 1 of the above-entitled Court generated the following order.

26        The Court ordered as follows:

27        The Court determined this case to be Complex according to Rule 3.400 of the California

28

                                          1
                    **NOTICE OF INITIAL STATUS CONFERENCE**
                    **DANIEL V. AUTOZONERS, LLC, ET AL.**

1  Rules of the Court. The Clerk's Office has assigned this case to Department 1 for all purposes. The

2  Court stays the case, except for the service of the Summons and Complaint. The stay continues at

3  least until the Initial Status Conference.

4      The Initial Status Conference is set for July 29, 2024, at 9:00 A.M in the same department of

5  the above-entitled Court.

6

7      At least ten (10) days prior to the Initial Status Conference, counsel for all parties must

8  discuss the issues set forth in the Initial Status Conference Order. Counsel must file a Joint Initial

9  Status Conference Response Statement five (5) court days before the Initial Status Conference.

10      Responsive pleadings shall not be filed until further Order of the Court. Parties must file a

11  Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of

12  Appearance shall not constitute a waiver of any substantive or procedural challenge to the

13

14  Complaint.

15      The Court's April 8, 2024, Minute Order and Initial Status Conference Order are attached

16  hereto as Exhibit 1.

17      Plaintiff was ordered to give notice.

18

19  DATED: April 17, 2024

20

21

22                          **EMPLOYEES FIRST LABOR LAW**

23

24  _____

25  Jonathan P. LaCour, Esq.
    Lisa Noveck, Esq.
26  Jameson Evans, Esq.
    *Attorneys for Plaintiff, Johan Daniel*
27

28

**NOTICE OF INITIAL STATUS CONFERENCE**
**DANIEL V. AUTOZONERS, LLC, ET AL.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

NOTICE OF INITIAL STATUS CONFERENCE
DANIEL V. AUTOZONERS, LLC, ET AL.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 1

**24STCV07723**                                                         April 8, 2024
**JOHAN DANIEL,  vs AUTOZONERS, LLC, et al.**                             2:01 PM

Judge: Honorable Stuart M. Rice           CSR: None
Judicial Assistant: A. He                 ERM: None
Courtroom Assistant: None                 Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Scheduling Initial Status Conference

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has assigned this case to this department for all
purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand
dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.
All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of
service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
07/29/2024 at 09:00 AM in this department. At least ten (10) days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response
Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the
Court and the parties manage this complex case by developing an orderly schedule for briefing,
discovery, and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of
Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 1

**24STCV07723**                                                    April 8, 2024
**JOHAN DANIEL,  vs AUTOZONERS, LLC, et al.**                      2:01 PM

| | |
|---|---|
| Judge: Honorable Stuart M. Rice | CSR: None |
| Judicial Assistant: A. He | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 1

**24STCV07723**                                              April 8, 2024
**JOHAN DANIEL,  vs AUTOZONERS, LLC, et al.**                    2:01 PM

Judge: Honorable Stuart M. Rice          CSR: None
Judicial Assistant: A. He                ERM: None
Courtroom Assistant: None                Deputy Sheriff: None

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

1

2

3

4

5

**FILED**
Superior Court of California
County of Los Angeles

04/08/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ A. Ha _____ Deputy

6

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                         **FOR THE COUNTY OF LOS ANGELES**

10

11   JOHAN DANIEL, an individual and on          )   Case No.: 24STCV07723
     behalf of Aggrieved Employees,              )
12                                               )   **INITIAL STATUS CONFERENCE ORDER**
                              Plaintiff,         )   **(COMPLEX CLASS ACTIONS)**
13                                               )
            v.                                   )   Case Assigned for All Purposes to
14                                               )   Judge Stuart M. Rice
     AUTOZONERS, LLC, dba AutoZone, a            )
15   Nevada Limited Liability Company; et al.    )   Department: 1
                                                 )
16                            Defendants.        )
                                                 )
17                                               )
                                                 )
18   _____        )

19        This action has been designated as complex pursuant to CRC 3.400(a), and thus requires

20   exceptional judicial management to carry out the purposes of Rule 3.400(a) and to promote effective

21   decision-making by the Court. This Initial Status Conference Order (Complex Class Actions) supplements

22   a Minute Order served concurrently herewith.  That Minute Order sets a date and time for the Initial Status

23   Conference and includes many other important provisions which are NOT repeated in this Order.  Counsel

24   must review that Minute Order carefully to be fully informed of your obligations and the unique processes

25   used in the Los Angeles Superior Court Complex Courtrooms.

26        Note: Some provisions of this Order are in reference to wage-and-hour class actions and may not

27   be applicable to other types of class actions.  Insofar as they are irrelevant to your case, say so in your

28   Joint Initial Status Conference Response Statement.

Pending further order, the following is ordered:

The Court orders counsel to prepare for the Initial Status Conference ("ISC") by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **STATUS OF PLEADINGS:** Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. **POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4. **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in *Apple Computer v. Superior Court* (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

6. **ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

7. **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list

other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

**8.    POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:**  Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort.   Opposing parties must summarize their views on this issue.

**9.    POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- Motion to Compel Arbitration,
- Early motions in limine,
- Early motions about particular jury instructions and verdict forms,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

**10.    CLASS CONTACT INFORMATION:**  Counsel should discuss whether obtaining class contact information from defendant' s records is necessary in this case and, if so,  whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561).  Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

**11.    PROTECTIVE ORDERS:**    Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12.    DISCOVERY:**  Discovery is stayed until further order of the Court. Please discuss a discovery plan.  If the parties cannot agree on a plan, summarize each side's views on discovery.   The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at

the initial stage unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose. See California Rule of Court, Rule 3.768

**13.    INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14.    ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**15.    TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

**16.    REMINDER WHEN SEEKING TO DISMISS:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . .   Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail." California Rule of Court, Rule 3.770.

If the parties settle the class action, that too will require judicial approval based on a noticed motion.

**17.    REMINDER WHEN SEEKING APPROVAL OF A SETTLEMENT:**

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by *Mark v. Spencer* (2008) 166 Cal.App. 4th 219.

**18.    NOTICE OF THE INITIAL STATUS CONFERENCE ORDER:**

Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or if counsel is not known, on each defendant and file a Proof of Service with the court within seven (7) days of the date of this Order.  If the Complaint has not been served as of the date of this Order, plaintiff(s) must serve the Complaint, along with a copy of this Order, within five (5) days of the date of this Order. Once served, each as yet non-appearing defendant shall file a Notice of Appearance (identifying counsel by name, firm name, address, email address, telephone number and fax number).  The filing of a Notice of Appearance is without prejudice to (a) any jurisdictional, substantive or procedural challenge to the Complaint, (b) any affirmative defense, and (c) the filing of any cross-complaint in this action.

**19.    e-Service Provider**

The parties should refer to the Court's website for the list of e-service providers which are approved for complex cases. The parties must sign up with the provider at least ten court days in advance of the Initial Status Conference and advise the Court, via email to sscdept1@lacourt.org, which provider was selected. While the parties are free to choose any approved service, Department 1 prefers Case Anywhere.

Dated: April 8, 2024

Stuart M. Rice / Judge
Honorable Stuart M. Rice
Judge of the Los Angeles Superior Court

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is: 1 S Fair Oaks Ave., Suite 200, Pasadena, CA 91105.

      On April 17, 2024, I served the foregoing document described as:

<strong><u>NOTICE OF INITIAL STATUS CONFERENCE</u></strong>

on all interested parties in this action by placing true copies thereof enclosed in a sealed envelope addressed as follows:

<strong>SEE ATTACHED SERVICE LIST</strong>

      I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with the United States Postal Service on that same day in the ordinary course of business.  I am aware that on motion of parties served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.  [*CCP* §1013a]

☐    **BY MAIL:**  I caused such envelopes with postage thereon fully prepaid, to be placed in the United States mail at Pasadena, California.

☐    **BY PERSONAL SERVICE:**  I caused such envelope to be delivered by hand to the offices of the addressees as listed on the service list.

☐    **BY OVERNIGHT MAIL:**  I arranged for such envelope to be delivered via Federal Express-Priority Overnight to the addressees as listed on the service list.

☐    **BY FACSIMILE:**  In addition to regular mail, I sent this document via facsimile to the numbers as listed on the following service list and pursuant to *CCP* §1013(e).  Such transmissions were complete with no errors reported.

☒    **BY ELECTRONIC SERVICE:** Pursuant to *CCP* §1010.6(C)(2) and *California Rules of Court*, Rule 2.250, I also caused such documents to be served electronically at the e-mail addresses stated on the attached service list.  Such e-mail transmissions were complete with no errors reported.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      Executed on April 17, at Pasadena, California.

                   /s/ Jazmin Ramirez

                   _____

                   Jazmin Ramirez

<strong>NOTICE OF INITIAL STATUS CONFERENCE<br>DANIEL V. AUTOZONERS, LLC, ET AL.</strong>

**<u>SERVICE LIST</u>**

<u>DANIEL V. AUTOZONERS, LLC, ET AL.</u>

CASE NO.: 24STCV07723

Michele F. Wood (BPR#: 018653)
Attorney for Defendant, AUTOZONERS, LLC, dba AutoZone
123 South Front Street, Dept 8029
Memphis, TN  38103
Tel: (901) 495-7894
Fax: (901) 495-8550
Email: Michele.wood@autozone.com

**NOTICE OF INITIAL STATUS CONFERENCE**
**DANIEL V. AUTOZONERS, LLC, ET AL.**