EVAN R. MOSES, CA Bar No. 198099
evan.moses@ogletree.com
SAHRA NADINE AGHAREZAEI, CA Bar No. 333637
nadine.agharezaei@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, California 90071
Telephone: (213) 239-9800
Facsimile: (213) 239-9045

ERIC E. SUITS, CA Bar No. 232762
eric.suits@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 Capitol Mall, Suite 2800
Sacramento, California 95814
Telephone: (916) 840-3150
Facsimile: (916) 840-3159

Attorneys for Defendant
AUTOZONERS, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHAN DANIEL, AN INDIVIDUAL AND ON BEHALF OF AGGRIEVED EMPLOYEES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AUTOZONERS, LLC, DBA AUTOZONE, A NEVADA LIMITED LIABILITY COMPANY; AUTOZONE LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; JESUS GONZALEZ, AN INDIVIDUAL; AND DOES 1 THROUGH 20, INCLUSIVE,<br><br>　　　　Defendants. | Case No. 2:24-cv-03476 RGK (SKx)<br><br>**DEFENDANT'S NOTICE OF *EX PARTE* APPLICATION SEEKING EXTENSION**<br><br>[Filed concurrently with Declaration of Eric E. Suits; and [Proposed] Order]<br><br>District Judge:　Hon. R. Gary Klausner<br>　　　　　　　　Courtroom 850, Roybal<br>Magistrate Judge: Hon. Steve Kim<br>　　　　　　　　Courtroom 540, Roybal<br>Complaint Filed: March 26, 2024<br>Trial Date:　　　None |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Local Rule 7-19, Defendant Autozoners, LLC ("Defendant") hereby moves for an *ex parte* to seek a three-week extension to respond to Plaintiff Johan Daniel's ("Plaintiff") Complaint.

Consistent with local Rule 7-19, Defendant is informed that Plaintiff is represented by Jonathan P. Lacour (jonathanl@pierrelacour.com), Lisa Noveck (lisan@pierrelacour.com), Jameson Evans (jamesone@pierrelacour.com), and Amanda M. Thompson (amandat@pierrelacour.com) of Employees First Labor Law. Their office is located at 1 South Fair Oaks Avenue, Suite 200, Pasadena, CA 91105. Telephone: (310) 853-3461.

Further, consistent with Local Rule 7-19.1, on May 22, 2023, counsel for Defendant advised Plaintiff's counsel that it would file this *ex parte* application, seeking an extension. Plaintiff's counsel did not respond to Defendant's notice regarding Defendant's *ex parte* application. (Declaration of Eric E. Suits ("Suits Decl."), ¶ 36; Ex. "A".)

This application is based upon this Notice of *ex parte* application, Memorandum of Points and Authorities, the Declaration of Eric E. Suits, the Proposed Order, all pleadings and papers on file in this matter, and such further matters as the Court may consider at the time of the hearing.

DATED: May 22, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Eric E. Suits
Evan R. Moses
Eric E. Suits
Sahra Nadine Agharezaei

Attorneys for Defendant
AUTOZONERS, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant submits this *ex parte* application requesting a three-week extension to file a responsive pleading. This application comes following Plaintiff's initial agreement to dismiss the present proceedings, which led Defendant to defer the preparation of a responsive pleading. However, to Defendant's surprise, Plaintiff has ignored Defendant's continued attempts to seek clarification on Plaintiff's position regarding the dismissal of his Complaint. As such, Plaintiff's initial agreement to dismiss the present the matter coupled with Plaintiff's failure to respond to Defendant's attempts to clarify his position on the dismissal have prejudiced the Defendant, necessitating a three-week extension to respond to Plaintiff's Complaint to ensure a comprehensive and fair response.

## II. MEET AND CONFER EFFORTS

On March 26, 2024, Plaintiff filed a Complaint in Los Angeles Superior Court, Case No. 24STCV07723 (the "Complaint") against Defendant alleging eight causes of action for: (1) failure to pay minimum wages; (2) failure to furnish wage and hour statements; (3) failure to maintain payroll records; (4) failure to provide meal and rest periods; (5) failure to pay wages in a timely manner; (6) failure to pay overtime compensation; (7) waiting time penalties; and (8) unfair compensation. (Suits Decl., ¶¶ 2-3.) On April 11, 2024, Defendant contacted Plaintiff to meet and confer regarding a number of issues, including the fact that Plaintiff executed an enforceable agreement to arbitrate Plaintiff's dispute. The email included a copy of Plaintiff's arbitration agreement. (*Id*. at ¶ 5, Ex. "A".) Plaintiff's counsel did not respond. Defendant emailed Plaintiff three additional times before Plaintiff responded on April 22, 2024 with their availability to meet and confer and extended Defendant's responsive pleading deadline to May 10, 2024. (*Id*. at ¶¶ 6-11.)

On April 25, 2024, the parties met and conferred about the enforceable arbitration agreement Plaintiff executed. (*Id*. at ¶ 12.) On April 26, 2024, Defendant

removed the matter to the present court. (*Id*. at ¶ 13.) On April 30, 2024, Plaintiff stipulated to arbitrate Plaintiff's individual claims and dismiss the class action without prejudice. (*Id*. at ¶ 15.) On May 1, 2024, Defendant sent a joint stipulation reflecting the Parties' agreement that this matter would be dismissed and refiled in arbitration as an individual action. (*Id*. at ¶ 16.) However, Plaintiff did not respond.

Defendant followed up, both via email and telephone, **sixteen additional times** between May 1, 2024 and May 21, 2024. (*Id*. at ¶¶ 17-32.)

As a final attempt to get a response from Plaintiff, on May 21, 2024, Defendant emailed Plaintiff once more stating it would file an *ex parte* application seeking an extension due to Plaintiff's failure to clarify whether he will honor his prior agreement with Defendant to dismiss the matter. (*Id*. at ¶ 33.) In the alternative, Defendant asked for an extension to file a responsive pleading, but that if it did not hear from Plaintiff, Defendant will move forward with its *ex parte* application. (*Id*. at ¶ 34.) Plaintiff did not respond. (*Id*. at ¶ 34.)

On May 22, 2024, at approximately 9:58 a.m., Defendant sent notice to Plaintiff stating that Defendant would be appearing *ex parte* in courtroom 850 of the above-described court seeking a further three-week extension of Defendant's deadline to respond to Plaintiff's Complaint. (*Id*. at ¶ 36.) Plaintiff did not respond. (*Id*. at ¶ 36.)

### III. THE COURT HAS THE AUTHORITY TO EXTEND DEFENDANT'S RESPONSIVE PLEADING DEADLINE

Pursuant to Federal Rule of Civil Procedure Rule 6 provides that when "an act may or must be done within a specified time, the court may, for good cause, extend the time," with or without a motion or notice if the court acts, or if a request is made, before the original time or its extension expires. Fed. R. Civ. P. 6(b)(1).

### IV. GOOD CAUSE EXISTS TO EXTEND DEFENDANT'S RESPONSIVE PLEADING DEADLINE

Plaintiff's failure to respond to basic requests to meet and Plaintiff's

ambiguity regarding whether or not they will honor previous agreements has severely prejudiced Defendant.  Specifically, Defendant was operating under the assumption that Plaintiff would honor its agreement to dismiss the present matter and thus would not have to file a motion to compel arbitration.  Plaintiff's failure to respond to Defendant has created an urgent situation for Defendant that easily could have been avoided.  As a result, Defendant will suffer immediate and irreparable harm in the absence of the *ex parte* relief outlined in the present application.

## V.   **DEFENDANT IS UNABLE TO UNILATERALLY EXTEND ITS DEADLINE TO FILE A RESPONSIVE PLEADING**

At this time, Defendant cannot think of any other way to seek relief for this issue besides *ex parte*. As such, Defendant cannot seek the relief it is seeking by way of this *ex parte* application by any other means given Plaintiff's disregard for Defendant's attempts to meet and confer.

## VI.   **PLAINTIFF WILL NOT BE PREJUDICED**

Plaintiff will not be prejudiced if this Court grants a short three-week extension to Defendant to file a responsive pleading because Plaintiff had ample opportunity to prevent such an application. Defendant's only recourse following Plaintiff's failure to respond to its numerous emails and calls to meet and confer was to seek court intervention—a direct result of Plaintiff's actions.   Additionally, Plaintiff is aware of how Defendant planned on proceeding if Plaintiff did not agree to dismiss and arbitrate his claims.  As such, Plaintiff will not be prejudiced.

## VII.   **CONCLUSION**

Based on the foregoing, Defendant respectfully requests that this Court grant Defendant's *ex parte* application requesting a three-week extension to respond to Plaintiff's Complaint.

| | |
|---|---|
| DATED: May 22, 2024 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| | By: /s/ Eric E. Suits |
| | Evan R. Moses |
| | Eric E. Suits |
| | Sahra Nadine Agharezaei |
| | Attorneys for Defendant AUTOZONERS, LLC |